UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JAMAL M. BEY, | : | Case No. 2:23-cv-2601 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Stephanie K. Bowman |
| CHAPLAIN BLAIRE SMITH, *et al.*, | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Marion Correctional Institution (MCI), in Marion, Ohio, brings this *pro se* civil rights action against MCI Chaplain Blaire Smith and Ohio Department of Rehabilitation and Correction (ODRC) Religious Administrator (RA) Michael Davis, alleging violations of 42 U.S.C. § 1983 and Ohio state law. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of plaintiff's amended complaint (Doc. 5) to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).[1]

---

[1]Plaintiff's original complaint consisted of a form complaint, with a single-spaced attachment that was 73 pages long and contained over 44 pages of exhibits. Following the Court's Deficiency Order citing violations of Fed. R. Civ. P. 8(a) (Doc. 2), plaintiff filed the instant amended complaint. (Doc. 5). Plaintiff's amended complaint supersedes the original complaint and is the operative complaint in this matter. *See Calhoun v. Bergh*, 769 F.3d 409,

**Screening of Amended Complaint**

A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

---

410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      **B.**     **Plaintiff's Amended Complaint**

Plaintiff alleges that he identifies as a Hebrew Israelite, a faith "primarily consist[ing] of 'Black' Jewish people," who observe the tenets of Judaism, including keeping a kosher diet. (Doc. 5, at PageID 160-61). As a way of background, plaintiff alleges that since being at MCI

3

defendant Smith has barred him from receiving kosher meals on Jewish holidays. (*Id.*, at PageID 161). Plaintiff asserts that even though Smith has told plaintiff that he qualified for the kosher meal program at MCI and had been added to the list of those approved to receive kosher meals, "Chaplain Smith . . . always found some underhanded way to make sure that I never receive[d] those holiday meals[.]" (*Id.*). Plaintiff asserts, for example, that Smith told him that meal requests had to be made 60 to 90 days in advance of the holiday. Plaintiff contends, however, that there is no time-frame requirement for white Jewish people and, in any event, he was denied holiday meals, even when he satisfied the purported 60-to-90 day requirement, because Smith either "forgot" to put plaintiff on the list or "ignored" his requests. (*Id.* at PageID 161-62, 164-66). Plaintiff alleges that he knows the time requirement was fabricated because Smith was able to provide him with an April 2022 Passover meal after plaintiff refused to change his religion to Sabbatarian and threated to report Smith's alleged failure to remember to add him to the Passover meal list to "Central Office." (Doc. 5, at PageID 166-67).

Plaintiff alleges that he submitted another request for a kosher meal accommodation—the request at issue in this lawsuit—on May 2, 2022. According to plaintiff, Smith denied the request but did not return the form to plaintiff in order for him to appeal. (Doc. 5, at PageID 168). Plaintiff alleges that, unbeknownst to him, the request was automatically appealed to defendant RA Davis. (*Id.*). Plaintiff asserts that appeals "commonly yield[] an approval" and that Smith denied him the opportunity to submit his own appeal "which would have enabled [him] to enter the Accommodations Program to receive Daily Kosher Meals, including meals for holidays." (*Id.*).

Plaintiff alleges that defendant Davis improperly affirmed the denial of his May 2, 2022 kosher meal program request on July 7, 2022, but that plaintiff was not made aware of the denial until May 10, 2023. (Doc. 5, at PageID 171, 174-75). Plaintiff states that Davis's "final

4

decision" was fraudulent because plaintiff was not given the opportunity to appeal. (*Id.*, at PageID 175-76). Plaintiff contends that Davis did this to "support . . . Chaplain Smith's lie that . . . the 'decision' was one that had to be made by the RA so that [Smith] could illegally withhold the true 'decision' in order to prevent [plaintiff] from appealing it." (*Id.*, at PageID 176).

For relief, plaintiff seeks solely monetary damages. (Doc. 5, at PageID 178).

### ANALYSIS

Based on the above allegations, plaintiff asserts that he is bringing the following claims:

> Plaintiff's First and Fourteenth Amendment substantial state and federal rights under the United States Constitution, due process rights and the Establishment Clause have been violated by the use of religious discrimination, racial discrimination and fraud when [defendants Smith and Davis] conspired together to illegally rearrange the ODRC's Religious Accommodations Kosher meals application process in order to deny the Plaintiff the right to appeal a "decision" of disapproval of his [May 2, 2022] application when they fabricated and then furnished a fraudulent "document" in order to make it appear that the ODRC's application process works in a way that it doesn't, which is all a result of racial discrimination against me, personally, and religious discrimination against an entire "Black" based Jewish Religion, the (Hebrew Israelites).

(Doc. 5, at PageID 159).

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed for further development at this juncture on his claims against defendants Smith and Davis in their individual capacities under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. In an abundance of cautions, plaintiff may also proceed for further development at this juncture on his § 1983 conspiracy and state-law fraud claims against defendants Smith and Davis in their individual capacities.[2] However, to the extent that plaintiff seeks to sue defendants in their

---

[2]The Court advises plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture for further development or potential defenses thereto, nor are defendants precluded from filing a motion to dismiss, motion for more definite

official capacities, for violations of due process and/or ODRC policies, or on behalf of other Hebrew Israelites at the ODRC, such claims are subject to dismissal for the reasons set forth below. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, all of the claims against defendants Smith and Davis in their official capacities require dismissal. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore,

---

statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

defendants Smith and Davis are immune from suit in their official capacities as plaintiff seeks only monetary relief in this action.

Next, plaintiff has failed to state a claim upon which relief can be granted under the due process clause of the Fourteenth Amendment. As our sister court in the Northern District of Ohio has found:

> If Plaintiff is asserting a procedural due process claim with respect to the termination of kosher meals, or the denial of his subsequent applications to resume receiving kosher meals, that claim fails. "To establish a procedural due process claim, a plaintiff must demonstrate: 1) a liberty or property interest protected by the due process clause; 2) a deprivation of that protected interest within the meaning of the due process clause; and 3) defendants' failure to afford adequate procedural rights prior to the deprivation." *Russell v. Wilkinson*, 79 F. App'x 175, 178 (6th Cir. 2003) (citing *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999) ). "To claim a constitutionally protected property right, one must have a 'legitimate claim of entitlement.'" *Id.* (quoting *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972)). A prisoner does not have a constitutionally protected liberty interest in receiving kosher meals because discontinuation of a prisoner's participation in a kosher meal program is not an atypical or significant hardship in relation to the ordinary incidents of prison life. *Id*. (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff fails to state a plausible procedural due process claim upon which relief can be granted and that claim is dismissed pursuant to § 1915(e).
>
> To the extent that Plaintiff is asserting a substantive due process claim with respect to termination of his kosher meals, Plaintiff also fails to state a claim. Conduct by the government will not be analyzed under the substantive due process component of the Fourteenth Amendment if that conduct implicates a constitutional right protected by another amendment. *Ciminillo v. Streicher*, 434 F.3d 461, 465 (6th Cir. 2006) ("Alleged conduct that does not implicate a constitutional right protected by another amendment will be analyzed under the substantive due process component of the Fourteenth Amendment.") (citing *United States v. Lanier,* 520 U.S. 259, 272 n.7 (1997)). Any substantive due process claim that Plaintiff may be asserting with respect to the discontinuation of his kosher meals "merely restates his First Amendment [. . .] claim" and, therefore, "a more general substantive due process claim is not available." *Wappler v. Kleinsmith*, No. 1:08-CV-595, 2010 WL 707339, at *7 (W.D. Mich. Feb. 22, 2010) (citing *Graham* [*v. Connor*]*,* 490 U.S. [386,] 395 [(1989)]; *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 842 (1998)); *see also Hernandez* [v. U.S., No. 4:11-cv-1737], 2011 WL 5971028, at *7 [(N.D. Ohio Nov. 28, 2011)] ("Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks omitted) (citing

> *Graham,* 490 U.S. at 395). Any substantive due process claim that Plaintiff may be asserting is duplicative of his First Amendment claim, which the Court has already [allowed to proceed at this juncture for further development]. *See Hernandez*, 2011 WL 5971028, at *7 (dismissing plaintiff's substantive due process claim concerning kosher food as duplicative of his First Amendment claim). Plaintiff fails to state a plausible Fourteenth Amendment substantive due process claim upon which relief can be granted and is dismissed pursuant to § 1915(e).

*Davismoore v. Davis*, No. 1:18CV1468, 2019 WL 1558679, at *4–5 (N.D. Ohio Apr. 10, 2019). For the reasons stated by the court in *Davismoore*, plaintiff's Fourteenth Amendment due process claims should be dismissed.

Further, a § 1983 claim cannot be based on a violation of ODRC policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Thus, to the extent plaintiff alleges that defendants violated ODRC policy, such a claim should be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983").

Finally, to the extent that plaintiff is attempting to bring claims on behalf of other Hebrew Israelites at the ODRC, he cannot do so. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Plaintiff does not claim to be an attorney and thus cannot represent other inmates in court. Any claims brought by plaintiff on behalf of other inmates should be dismissed.

Accordingly, in sum, plaintiff may proceed at this juncture for further development on his claims against defendants Smith and Davis in their individual capacities for violations of the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause, conspiracy under § 1983, and state-law fraud, based on the denial of his May 2, 2022 request for a kosher meal accommodation. The remainder of plaintiff's claims, however, should be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, **with the exception of** his claims against defendants Smith and Davis in their individual capacities for violations of the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause, conspiracy under § 1983, and state-law fraud, based on the denial of plaintiff's May 2, 2022 request for a kosher meal accommodation. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed for further development at this juncture on his claims against defendants Smith and Davis in their individual capacities for violations of the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause, conspiracy under § 1983, and state-law fraud, based on the denial of plaintiff's May 2, 2022 request for a kosher meal accommodation.

2. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 5), summons (Doc. 1-3), the separate Order issued granting the plaintiff *in forma pauperis* status,

and this Order and Report and Recommendation upon defendants Smith and Davis, as directed by plaintiff (*see* Docs. 1-3; 3-1).

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

### PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

February 7, 2024                                                            *s/Stephanie K. Bowman*
                                                                            STEPHANIE K. BOWMAN
                                                                            United States Magistrate Judge