IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMAL M. BEY,** | : | |
| | : | Case No. 2:23-cv-02601 |
| **Plaintiff,** | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| **BLAIRE SMITH,** *and* | : | |
| **MICHAEL DAVIS,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before this Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation ("R&R") that this Court partially dismiss Plaintiff Jamal Bey's claims against Defendants Blaire Smith, Chaplain at the Marion Correctional Institution ("MCI"), and Michael Davis, Religious Administrator at the Ohio Department of Rehabilitation and Correction ("ODRC"). (ECF No. 10).

Plaintiff, an inmate at MCI, alleges that he identifies as a Hebrew Israelite and brings this *pro se* civil rights action based on the denial of his request for a kosher meal accommodation and Defendants' alleged conspiracy thereafter to deprive him of the opportunity to appeal the denial. (*See id*. at 3–5). Seeking monetary damages, Plaintiff asserts claims under the Establishment Clause of the First Amendment, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, conspiracy under 42 U.S.C. § 1983, and fraud under Ohio state law. (*Id*.).

Reviewing Plaintiff's allegations, Magistrate Judge Bowman recommended that the following claims be dismissed with prejudice: (1) claims against Defendants in their official capacities; (2) due process claims under the Fourteenth Amendment; (3) Section 1983 claims based on ODRC policies; and (4) any claims Plaintiff seeks to bring "on behalf of other Hebrew Israelites

at the ODRC." (*Id*. at 5-6).[1] The R&R advised, however, that Plaintiff may proceed with his individual-capacity claims—for violations of the First Amendment's Establishment Clause, the Fourteenth Amendment's Equal Protection Clause, conspiracy under § 1983, and state-law fraud—based on the denial of his May 2022 request for a religious meal accommodation. (*Id*. at 9).[2]

The parties were advised of their right to object to the R&R within fourteen (14) days and of the rights they would waive by failing to do so. (*Id*. at 10–11). No party has objected, and the time for filing such objections lapsed on February 21, 2024.

Accordingly, this Court **ADOPTS** the Report and Recommendation (ECF No. 10) in its entirety. Plaintiff may proceed on his claims against Defendants Smith and Davis in their individual capacities for violations of the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause, conspiracy under § 1983, and state-law fraud. Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: October 25, 2024**

---

[1] As explained in the R&R, the official capacity claims are barred because Defendants are immune from suit under the Eleventh Amendment. (ECF No. 10, at 6–7). Any alleged violations of ODRC policy fall outside the scope of § 1983 and are likewise not actionable. (*Id*. at 8). Because Plaintiff does not claim to be an attorney, the R&R noted that he cannot bring claims on behalf of other inmates. (*Id*.). Finally, dismissal of the due process claims was warranted based on *Davismoore v. Davis*, No. 1:18CV1468, 2019 WL 1558679 (N.D. Ohio Apr. 10, 2019). (See ECF No. 10, at 7–8). There, the court dismissed similar due process claims brought by an inmate based on "the termination of [his] kosher meals or denial of his subsequent applications to resume receiving kosher meals." 2019 WL 1558679, *4. As to procedural due process, the court explained that "[a] prisoner does not have a constitutionally protected liberty interest in receiving kosher meals." *Id*. The substantive due process claim also failed because it "merely restates [the] First Amendment [. . .] claim." *Id*. at *5 (internal quotation marks and citation omitted).

[2] Although Plaintiff may proceed with those claims at this juncture, the R&R emphasized that the determination is only preliminary and not based on the merits of the claims. (*See* ECF No. 10, at 5 & n.2).